```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE BENEFIT FUND
AND ELECTRICIAN'S RETIREMENT FUND,

                                    Plaintiffs,

                -against-

V POWER ELECTRIC CORP., et al.,

                                    Defendants.
----------------------------------------------------------------------X
```

For Online Publication Only

**FILED**
**CLERK**
9:32 am, Jan 29, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-cv-00191 (JMA) (ST)

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Trustees of the Building Trades Educational Benefit Fund, et al.'s ("Plaintiffs") motion for default judgment ("Motion") against defendants V Power Electric Corp. and Miguel Polo ("Defendants"). For the reasons stated herein, Plaintiffs' motion is GRANTED.

## I. DISCUSSION

### A. Defendants Defaulted.

On January 11, 2023, Plaintiffs commenced this action ("Action") by filing a Summons and Complaint ("Complaint") against the Defendants. (See Compl., ECF No. 1.) Each of the Defendants was properly served with the Summons and Complaint. (See ECF Nos. 5, 7.) None of the Defendants has answered, moved, or otherwise responded to the Complaint upon being served, and their respective deadlines to answer or otherwise move with respect to the Complaint have each expired. (See generally ECF Nos. 9–14.)

On June 5, 2023, Plaintiffs requested that the Clerk of this Court ("Clerk") enter defaults against each of the Defendants for failure to plead or otherwise defend this Action. (See ECF No.

9.) On the same day, the Clerk granted Plaintiffs' request and certified that the Defendants—who have not responded to the motion for default judgment—defaulted by failing to answer, move, appear, or defend in this Action. (See ECF No. 10.) Plaintiffs' Complaint alleges four causes of action, but their instant Motion does not pursue a remedy for the third and fourth ones. (See ECF No. 11.)

**B. Liability.**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, this Court must accept well-pled allegations "as true" and determine whether they establish the defendant's liability as a matter of law. Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). In this case, Plaintiffs allege in the Complaint that—by failing and refusing to permit Plaintiffs access to their books and records for an audit—Defendants violated (i) a collective bargaining agreement ("CBA") between Defendants and Local 363, United Electrical Workers of America, IUJAT; and (ii) ERISA Section 515, 29 U.S.C. § 1145. (See Compl., at ¶¶ 12–16, ECF No. 1.)

    1.    CBA.

A suit alleging a breach of a CBA is properly understood as one brought pursuant to the Labor Management Relations Act of 1947 ("LMRA"). And thus, a breach of a CBA based on a failure to comply with an audit request is actionable under Section 301. See Annuity, Pension,

Welfare, Training & Lab. Mgmt. Coop. Tr. Funds of Int'l Union of Operating Eng'rs, Loc. 14-14B v. Midwest REM Enters., Inc., 2021 WL 4341416, at *5 (E.D.N.Y. Sept. 1, 2021), report and recommendation adopted, 2021 WL 4340965, at *1 (Sept. 23, 2021); see also Sullivan v. Marble Unique Corp., 2011 WL 5401987, at *3 (E.D.N.Y. Aug. 30, 2011) ("Under Section 301 of the LMRA, an employer may be held liable for failing to pay assessments or failing to remit dues withheld from employee paychecks to the union as required by a collective bargaining agreement.") (collecting cases), report and recommendation adopted, 2011 WL 5402898, at *1 (Nov. 4, 2011). Here, the Court concludes the allegations in the Complaint are sufficient to establish Defendants' liability under the CBA.

    2.    ERISA.

Section 515 of ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms ... of a collectively bargained agreement shall ... make such contributions." 29 U.S.C. § 1145; see also Flanagan v. Marco Martelli Assocs., Inc., 2015 WL 1042279, at *8 (E.D.N.Y. Mar. 9, 2015) (noting that, under Section 515, "employers are required to pay fringe benefit contributions pursuant to an effective collective bargaining agreement"). Trustees of a plan (like Plaintiffs here) may, pursuant to Section 502, bring an action to enforce this requirement. See 29 U.S.C. § 1132(a)(3); see also Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 313–14 (2d Cir. 1990). "To establish a violation of Section 515, the Plaintiffs must show that Defendants (1) are an employer; (2) is bound by a CBA that required payment of contributions; and (3) failed to make those contributions." See Annuity, Welfare & Apprenticeship Skill Improvement & Safty Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Regal USA Concrete, Inc., 2024 WL 79671, at *6 (E.D.N.Y. Jan. 8, 2024). Here, the Court concludes the allegations in the Complaint are also sufficient to establish Defendants' liability under Section 515 of ERISA.

### C. **Other Relief.**

On the first cause of action (LMRA)—Plaintiffs seek a Court order forcing Defendants to permit and to cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records. (See ECF No. 11-1.) Additionally, Plaintiffs seek an opportunity to return to this Court to amend this judgment to include the additional amounts determined by the audit to be due and owing, together with the interest, liquidated damages, auditors' fees, attorneys' fees and costs, pursuant to the parties' CBA and the rules and regulations established in the Funds' Trust Indenture and Collection Policy. (See id.)

The Court grants Plaintiffs' request for a Court order making Defendants permit and cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records. Following completion of an audit, Plaintiffs may petition the Court, with proper evidentiary support, to amend the judgment to include the additional recovery they seek. See, e.g., Annuity, Pension, Welfare & Training Funds of Int'l Union of Operating Eng'rs Loc. 14-14B v. Marbro Realty Co. Inc., 2012 WL 3536499, at *6 (E.D.N.Y. Jul. 16, 2012); see also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D v. Rizzo Env't Servs. Corp., 2022 WL 1460585, at *5 (E.D.N.Y. May 9, 2022) (adopting report and recommendation).

On the second cause of action (ERISA), Plaintiffs also seek a Court order forcing Defendants to permit and to cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records. (See ECF No. 11-1.) Additionally, Plaintiffs seek an opportunity to return to this Court to amend this judgment to include the additional amounts determined by the audit to be due and owing, together with the interest, liquidated damages, auditors' fees, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132. (See id.) As with the first cause of action, the Court grants Plaintiffs' request for a Court order making Defendants

permit and cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records. Here too, following completion of an audit, Plaintiffs may petition the Court, with proper evidentiary support, to amend the judgment to include the recovery it seeks under 29 U.S.C. § 1132.

D. **Attorneys' Fees and Costs.**

At this juncture, the only award Plaintiffs seek is an award of $2,650 in attorney's fees and $1,305.48 in costs (ECF No. 11-1) under 29 U.S.C. § 1132(g)(2)(D), which mandates that courts award reasonable attorney's fees and costs in ERISA actions. See Mason Tenders Dist. Council v. Duce Constr. Corp., 2003 WL 1960584, at *1, *3–4 (S.D.N.Y. Apr. 25, 2003) (awarding attorney's fees and costs under 29 U.S.C. § 1132(g)(2)(D) in an action where the court ordered an audit under ERISA and granted default judgment). In assessing whether legal fees are reasonable, a court must determine the "presumptively reasonable fee" for an attorney's services by examining what a reasonable client would be willing to pay. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. See id. The next step is to determine the reasonableness of the hours expended by counsel. See, e.g., LaBarbera v. Empire State Trucking, Inc., 2008 WL 746490, at *4–*5 (E.D.N.Y. Feb. 26, 2007), report and recommendation adopted, 2008 WL 746490, at *3 (Mar. 19, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are "excessive, redundant, or otherwise unnecessary."[1]  See, e.g., LaBarbera v. Frank J. Batchelder Transp. LLC,

---

[1] "Courts have … recognized 'the relative simplicity of ERISA default cases by consistently approving rates that are closer to the lower end of the typical ranges.'" Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Shelbourne Constr. Corp., 2021 WL 7908024, at *6 (E.D.N.Y. Jan. 4, 2021) (quoting Gesualdi v. Lubco Transp. Inc., 2017 WL 946297, at *4 (E.D.N.Y. Feb. 22, 2017)).

2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (quoting Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998)).

The hours billed in this case are consistent with the amount of time that has been found to be compensable in other default judgment ERISA actions.  Accordingly, the Court concludes the amount of time billed by Plaintiffs is reasonable.  See Trs. of Loc. 7 Tile Industry Welfare Fund v. City Tile, Inc., 2011 WL 7041411, at *3 (E.D.N.Y. Dec. 7, 2011), report and recommendation adopted, 2012 WL 123022 (E.D.N.Y. Jan. 17, 2012) (finding 11.25 hours of legal work in an ERISA default judgment to be reasonable).

Plaintiffs also seek to recover costs in the amount of $1,305.48 in costs, representing $400 in filing fees and $905.48 for service of process fees. (See ECF No. 11-1.)  Courts in this district have found that filing fees and service costs are reasonable and reimbursable.  See, e.g., Finkel v. Rico Electric, Inc., 2009 WL 3367057, at *1, *8 (E.D.N.Y. Oct. 16, 2009).  Accordingly, the Court awards Plaintiffs $1,305.48 in costs.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' motion for default judgment is GRANTED as to Defendants.

On the first cause of action (LMRA)—the Court orders the Defendants to permit and cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records.  Following the completion of an audit, Plaintiffs may petition the Court, with proper evidentiary support, to amend the judgment to include the additional amounts determined by the audit to be due and owing, together with the interest, liquidated damages, auditors' fees, attorneys' fees and costs, pursuant to the parties' collective bargaining agreement and the rules and regulations established in the Funds' Trust Indenture and Collection Policy.

On the second cause of action (ERISA)—the Court also orders the Defendants to permit and cooperate in the conduct of an audit by the Plaintiffs of Defendant V Power Electric Corp.'s books and records. Here too, following the completion of an audit, Plaintiffs may petition the Court, with proper evidentiary support, to amend the judgment to include the additional amounts determined by the audit to be due and owing, together with the interest, liquidated damages, auditors' fees, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132.

At this juncture, the Court awards Plaintiffs $2,650 in attorney's fees and $1,305.48 in costs under 29 U.S.C. § 1132(g)(2)(D).

**SO ORDERED.**

Dated: January 29, 2024
Central Islip, New York

                                                   /s/   JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE